In re Kerry Lynn WAGONER, 235–11–1617, Christina Sue Wagoner, 232–02–0721, 100 Pipestone Drive Summerville, SC 29485, Debtor.

Bankruptcy No. 97–03782/B.

United States Bankruptcy Court,
D. South Carolina.

Dec. 19, 1997.

Beth C. Grzybowski, Dorse & Rhoades, N. Charleston, SC, for Debtor.

Jonathan L. Yates, Young, Clement, Rivers & Tisdale, L.L.P., Charleston, SC, for Creditor.

## ORDER

WM. THURMOND BISHOP, Bankruptcy Judge.

THIS MATTER comes before the Court upon the objection to Debtors' Amended Plan filed by Dr. Steve Harvey, (hereinafter Creditor), a creditor of the debtor, Christina Wagoner. A hearing was scheduled in this matter for November 20, 1997, in Charleston, South Carolina.

At the calling of this case, Creditor took the position that the debtor, Christina Wagoner, and Creditor were parties to an executory contract which gave creditor certain rights.

The contract between the parties was introduced into evidence and debtor took the position that there was no executory contract in existence.

After reviewing the contract between the parties, it appears to this court that no executory contract exists between debtor and Creditor. While 11 U.S.C. § 365 addresses the issue of executory contracts, neither this section, nor any other section of the Code, defines the term "executory contract". The legislative history adopts the so called countryman's definition and states that the term executory contract "generally includes contracts on which performance remains due to some extent on both sides." *See* H.R. Rep. No 595, 95th Cong., 1st Sess. 347 (1977).

In the matter before the court, it is clear that aside from debtor's obligation to make payments to Creditor, there was no duty to perform on the part of either party. The contract entered on January 22, 1996 allowed debtor Christina Wagoner to purchase from Creditor "the exclusive rights to a sales territory ... with American Paraprofessional Systems, Inc." A review of the contract demonstrates no ongoing obligations between the parties. Debtor agreed to pay to Creditor the sum of $100,000.00 by way of cash and installments. Creditor agreed to transfer to debtor all properties, contracts and customers. Debtor had to enter into a contract with a third party to perform services as a representative of that third party within the sales territory. An ongoing relationship did develop with this third party that had nothing to do in any way with Creditor. There is nothing in the contract that would show any ongoing obligation owed from Creditor to Mrs. Wagoner.

For these reasons, there can be no executory contract relationship between the parties.

IT IS, THEREFORE, the order of this court that the relationship between the parties is not subject to 11 U.S.C. § 365, as there is or was no executory contract between the parties. There being no other arguments asserted against confirmation of debtors' plan, this court will therefore confirm debtors' amended plan by separate order of the court.